## PAXTON-ECKMAN CHEMICAL CO. v. CARLSON.

Where the record fails to show any objection to certain evidence, or even that it was offered and received, the correctness of its admission will not be reviewed.

(Opinion filed March 29, 1911.)

Appeal from Circuit Court, Union County. Hon. J. W. JONES, Judge.

Action by Paxton-Eckman Chemical Company against Marvid Carlson. From a judgment for defendant, plaintiff appeals. Affirmed.

*Murdock & Pancoast* and *H. M. Wallace,* for appellant. *Chas. Stickney, A. F. Crandall,* and *French & Orvis,* for respondent.

McCOY, J. In this case the plaintiff brought suit to recover a balance of $1,534, claimed to be due on two certain promissory notes executed and delivered by defendant to plaintiff. Defendant answered, admitting the execution and delivery of said notes, and in avoidance of the said claim of plaintiff pleaded a counterclaim, alleging that said notes were given in consideration of certain chemical hog and cattle powder sold and delivered to defendant by plaintiff; that as an inducement to cause defendant to purchase such powder the plaintiff falsely and fraudulently represented to defendant that such powder would tend to prevent black leg in cattle, and was a sure worm expeller in hogs, and would also prevent cholera in hogs, all of which representations defendant believed and relied upon in making the said purchase of said powder and the giving of said notes, and without which he would not have done so; that said representations were not true; that said powder would not and did not expel worms from hogs, nor prevent cholera, nor prevent black leg in cattle; that by reason of such false representations defendant was damaged, in various, ways, to an amount far in excess of the amount claimed to be due on said notes. Plaintiff denied generally the allegations of the counterclaim.

Under the issues thus presented the parties submitted evidence pro and con. The court under clear and proper instructions

submitted the issue to the jury, and which instructions were in no manner objected or excepted to by plaintiff. Verdict was rendered in favor of the defendant, and judgment entered in accordance therewith. Motion for new trial was made, based on alleged error in receiving in evidence, over the objections of plaintiff, a certain "Exhibit 3," insufficiency of the evidence to justify the verdict, and that the verdict was the result of prejudice and passion on the part of the jury. Plaintiff has brought the cause to this court, assigning as error: (1) The court erred in receiving in evidence "Exhibit 3"; (2) that the evidence is insufficient to support or justify the verdict; (3) that the court erred in denying plaintiff's motion for new trial.

There is nothing in the record showing that plaintiff objected in any manner on any ground whatever to the introduction in evidence of "Exhibit 3," or that said exhibit was ever offered or received in evidence. It will serve no useful purpose to repeat or set out the evidence preserved in the record; but it is sufficient to say that the same was amply sufficient to support and justify the verdict of the jury, in that the defendant offered ample testimony tending to show that the said notes were given in consideration of certain hog and cattle powder represented by plaintiff to prevent black leg in cattle and as a sure worm expeller in hogs, and that the same would prevent hog cholera, all of which representations defendant believed and relied upon in making the said purchase of said powder and giving said notes; that said representations were not true, that such hog and cattle powder was wholly valueless, and that by reason thereof defendant was damaged in a sum in excess of the amount claimed to be due on said notes.

Finding no error in the record, the judgment of the circuit court is affirmed.